1    DIANA M. RUTOWSKI (STATE BAR NO. 233878)
      drutowski@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
      1000 Marsh Road
3    Menlo Park, CA  94025-1015
      Telephone:    +1 650 614 7400
4    Facsimile:    +1 650 614 7401

5    Attorneys for Defendant
      SALVESTRIN WINE CO., LLC
6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10

11    APPELLATION TRADING COMPANY,       Case No. 3:21-cv-04360-VC
      LLC,
12                                         **SALVESTRIN WINE CO., LLC'S**
                 Plaintiff and Counterclaim      **ANSWER AND COUNTERCLAIMS TO**
13                  Defendant,                       **FIRST AMENDED COMPLAINT FOR**
                                                **DECLARATORY RELIEF**
14         v.
15    SALVESTRIN WINE CO., LLC,               **JURY TRIAL DEMANDED**

16                  Defendant and Counterclaim
                 Plaintiff.
17

18

19

20

21

22

23

24

25

26

27

28                                                SALVESTRIN'S ANSWER AND
                                  COUNTERCLAIMS TO FIRST AMENDED
                                              COMPLAINT
                                              3:21-CV-04360-VC

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Salvestrin Wine Co., LLC ("Salvestrin") hereby counterclaims and alleges against Appellation Trading Company, LLC ("ATC" or "Counterclaim Defendant") as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1.   This is a civil action seeking relief for Counterclaim Defendant's intentional and willful infringement of Salvestrin's federally registered CULT® brand and its common law trade dress rights in its CULT product label design.  The Salvestrin family has been a part of Napa Valley's rich history of wine production for four generations.  The Salvestrin Wine Co. is a small, family-owned and operated winery under the guidance of owner and operator Rich Salvestrin and his wife Shannon.  They created the CULT® brand with a purpose—to provide high quality wine at an accessible price point.  Salvestrin's first bottling of its CULT® brand of wine took place on August 6, 2009 in St. Helena, California.  Wine Enthusiast has rated Salvestrin's CULT® brand of wine with a Wine Score of 90 since its first vintage was released noting in a review the "[g]reat price for a Cab this good."  For over a decade, Salvestrin has expended considerable resources promoting, advertising, and providing its wines under its CULT® brand and CULT product label design and has developed substantial goodwill and consumer recognition.

2.   Counterclaim Defendant's unauthorized use and infringement of Salvestrin's CULT® brand and label design is demonstrated by the image below:

**Salvestrin's CULT Label**



**Counterclaim Defendant's Infringing Label**



SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1

2        3.   Earlier this year, Salvestrin learned that Counterclaim Defendant ATC began

3 selling a CULT brand of wines through the same retailers and at a similar price point as

4 Salvestrin's wines sold under its CULT® brand and launched the "Cult Wine Company" website

5 at the domain <www.cultwinecompany.com >.  The public policy behind trademark law is to

6 protect consumers from confusion related to a product's origin, and Counterclaim Defendant's

7 unauthorized use of Salvestrin's CULT® brand is likely to mislead and misdirect consumers

8 looking for Salvestrin's wines, and to cause consumer confusion as to source, sponsorship, or

9 affiliation.  Indeed, there have already been instances of confusion since entry of Counterclaim

10 Defendant's wines into Salvestrin's market—under the identical brand, at the same price point, at

11 the same retailers, using a similar label.  Salvestrin was previously successful at curbing prior

12 infringing uses by Counterclaim Defendant's claimed predecessor, and now it must seek

13 intervention of the Court to stop the current infringement.

14        4.   Salvestrin seeks injunctive relief to prevent Counterclaim Defendant from using its

15 CULT® label, monetary damages resulting from Counterclaim Defendant's infringing acts, and

16 transfer of the infringing domain name <www.cultwinecompany.com > to its possession.

17 Through this action, Salvestrin seeks to protect its valuable trademark and trade dress rights in its

18 CULT® brand, and to avoid confusion, mistake, or deception of its consumers.

19 **THE PARTIES**

20        5.   Counterclaim Plaintiff Salvestrin Wine Co., LLC is a limited liability company

21 organized and existing under the laws of California.  Its principal place of business is 397 Main

22 Street St. Helena CA, 94574.

23        6.   Upon information and belief, Counterclaim Defendant Appellation Trading

24 Company, LLC is a limited liability company organized and existing under the laws of California.

25 Its principal place of business is 55-5 Enterprise Ct, Napa, CA 94558.

26 **JURISDICTION AND VENUE**

27        7.   This is an action for (1) Federal Trademark Infringement under 15 U.S.C. §1114;

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1   (2) Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A); (3) Federal Trade Dress

2   Infringement under 15 U.S.C. § 1125(a); (4) Unfair Competition under Cal. Bus. & Prof. Code §§

3   17200 *et seq*. and the common law of the State of California; and (5) violation of the Anti-

4   Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d).

5           8.   This Court has subject matter jurisdiction over Salvestrin's claims pursuant to

6   15  U.S.C. §1121 (Lanham Act), 28 U.S.C. §1331 (Federal Question Jurisdiction), 28 U.S.C.

7   §1367 (Supplemental Jurisdiction), and 28 U.S.C. §§ 1338(a)-(b) (Trademark, Copyright, and

8   Unfair Competition).

9           9.   This Court has personal jurisdiction over Counterclaim Defendant with regard to

10   these counterclaims by virtue of its filing a declaratory judgment in this Court.  Further

11   Counterclaim Defendant has engaged in business activities in, and its acts and omissions pursuant

12   to this action have taken place in, been directed to, and been committed with knowledge that the

13   effects of such acts and omissions would affect Salvestrin and its consumers in, the state of

14   California and in this district.  Upon information and belief, Counterclaim Defendant's principal

15   place of business is in California.

16           10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because

17   both Counterclaim Defendant and Salvestrin conduct business in this district, and because a

18   substantial part of the events giving rise to this action occurred in this district.

19   **BACKGROUND AND FACTS**

20   **Salvestrin's History and Exclusive Rights to the CULT® Trademark and Trade Dress**

21           11. The Salvestrin family has been a part of Napa Valley's rich history of wine

22   production for four generations.  Salvestrin is a small, family-owned and operated winery situated

23   on the historic land that has been in the Salvestrin family since 1932, first as a farm and as of

24   1994, as the Salvestrin Wine Co. winery under the guidance of owner and operator Rich

25   Salvestrin and his wife Shannon.  Salvestrin produces a range of wine varietals and vintages,

26   starting with its inaugural vintage Salvestrin Cabernet Sauvignon.  Salvestrin's quintessential

27   Napa Valley wines are very well known and regarded in the industry and among its wide range of

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1   consumers which include not only local Napa Valley and California Bay Area residents but also

2   customers throughout the United States.

3         12.   The 2008 economic downturn hit all industries, including the wine industry, in the

4   United States hard.  For Salvestrin, this meant an abundance of quality fruit and the demand for

5   more affordable quality wine.  Rich and Shannon Salvestrin were able to turn the economic crisis

6   into a positive, starting a secondary brand of wines under the distinctive CULT® mark that would

7   be value-oriented, affordable, and nationally accessible, yet high in quality and delicious, like

8   Salvestrin's other more expensive and critically acclaimed vintage wines.  The CULT® brand

9   debuted under Salvestrin's Saga Wines dba in 2009.  The Saga Wines dba obtained the certificate

10  of label approval ("COLA") for its CULT® label on July 29, 2009, and by August 6, 2009,

11  Salvestrin had bottled the first batch of wines under the CULT® brand, a 2007 vintage.

12        13. By October of 2010, Salvestrin's CULT® brand of wine was being distributed

13  across the United States through wholesale distribution via Total Wine stores and through various

14  state distributors at an accessible price point.  The CULT® label was a huge success.  Since 2010,

15  the CULT® brand of wines has been continuously sold through distributors such as Total Wine

16  and Costco, reaching consumers across the country.

17        14. Salvestrin has expended significant resources advertising its CULT® brand of

18  wines.  The CULT® brand of wines is advertised and promoted through its wholesale

19  distributors, print ads in wine journals and magazines, wine reviews, and websites.  The CULT®

20  brand's dedicated website at <www.thecultwine.com>, which was registered on June 12, 2009,

21  contains information and resources about the wines, including details about the wine and recent

22  releases as well as options for purchasing the wine directly or through countless national retailers

23  carrying the CULT® branded wines.  Salvestrin has received widespread industry recognition for

24  its wines and has been featured in numerous articles and reviews since its founding in 1994 and as

25  of its launch of the CULT® brand in 2009.

26        15. On June 23, 2020, Salvestrin's CULT® mark registered on the Principal Register

27  with the United States Patent and Trademark Office ("USPTO") at U.S. Registration No.

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

6,085,358.  Salvestrin has also registered the marks CULT NAPA VALLEY® at U.S.

Registration No. 4,092,451, CULT BLUSH® at U.S. Registration No. 4,644,409, and CULT

BLANC® at U.S. Registration No. 4,644,410.

16. The CULT® brand—which is inherently distinctive—is recognized and respected

by ordinary consumers and wine aficionados alike as identifying Salvestrin and its high-quality

wines.  And if deemed not inherently distinctive, in the alternative, through Salvestrin's years of

use, promotion, and advertising of the mark and the associated goodwill in connection with its

wines, the CULT® brand has acquired distinctiveness.

17. Salvestrin also owns common law trade dress rights in its CULT product label

design (the "CULT Trade Dress"), depicted below:



18. The key components of the CULT Trade Dress are 1) a dark background, 2) the

word CULT prominently set against the dark background, 3) light colored lettering, 4) in all

capitals, and 5) in a serif font.

19. Salvestrin has been using the inherently distinctive CULT Trade Dress as part of

its product packaging since 2009.

20. Salvestrin owns common law trademark rights in the CULT Trade Dress due to

Salvestrin's substantial and continuous use of the unique and distinctive CULT Trade Dress in

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

commerce.

**Beau Vigne's Infringing Activities and Salvestrin's 2010 Enforcement Efforts**

21. Salvestrin has priority over Counterclaim Defendant based on its earlier use in commerce and registration of the CULT® mark and use of the CULT label. On information and belief, Counterclaim Defendant's alleged predecessor Beau Vigne, under the Snider Family, began using the designation CULT in connection with Napa Valley cabernet sauvignon wines in 2010 after it received its COLA approval on January 14, 2010.

22. After learning about Beau Vigne's intended use of the CULT® mark and seeing some limited uses, Salvestrin sent a letter to Beau Vigne on August 25, 2010, asserting its rights in the mark and demanding that Beau Vigne stop its infringing use and any other planned uses. The letter was effective. To Salvestrin it was apparent that Beau Vigne wound down its use of the CULT designation: while Salvestrin initially learned that Beau Vigne had been selling wines under the CULT designation in specialty stores and through retailers, shortly after Salvestrin sent its letter, Beau Vigne stopped selling through retailers and only sold these wines direct to consumers. Indeed, sometime in or around 2011, Salvestrin had discussions with a wine distributor in Ohio that led the company to believe that the August 2010 letter resulted in Beau Vigne pulling its wines bearing the CULT designation from third-party distribution. For a decade, Salvestrin monitored Beau Vigne's sales, which were limited to high-priced vintage bottles sold direct to consumer through the winery—selling to a very elite consumer base at over double and sometimes triple or more the price of Salvestrin's accessible CULT® brand of wines.

23. Whatever use of CULT remained by Beau Vigne was very narrow and limited in volume, geography, and consumer access. Satisfied that Beau Vigne recognized Salvestrin's superior rights in the CULT® label as evidenced by Beau Vigne's wind-down and limited usage, Salvestrin did not take further legal action at that time.

**Counterclaim Defendant's Purchase of Beau Vigne and Subsequent Infringing Activities**

24. In 2021, things changed. Salvestrin discovered that Beau Vigne's CULT label of wines—previously priced over a hundred dollars—are now being sold at comparable prices to

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

and *via the same retailers* (including Costco) as Salvestrin's CULT® brand of wines.  After further investigation, Salvestrin learned that, on information and belief, Counterclaim Defendant purchased all or some portion of Beau Vigne and with it Beau Vigne's CULT label.  While the Sniders were a local Napa Valley family making very limited use of the CULT designation, the new owner, Counterclaim Defendant, has begun flooding Salvestrin's market with a new, accessibly priced label of wines bearing the infringing CULT designation.

25.   Additionally, and as depicted above, Counterclaim Defendant's label incorporates a strikingly similar design to Salvestrin's CULT Trade Dress—both include plain, serifed font with light-colored lettering CULT prominently set on a dark background, creating a likelihood of confusion with the CULT Trade Dress and further exacerbating the likelihood of consumer confusion stemming from Counterclaim Defendant's use of the infringing CULT designation.  As a result, to the ordinary consumer, it is nearly impossible to differentiate Salvestrin's wine from Counterclaim Defendant's wine when encountering these CULT labeled bottles at the point of sale.  The potential for confusion is further compounded given that the wines are being sold at the exact same retailers.

26. In addition, Salvestrin learned that on November 10, 2020, a date well after Salvestrin's first use of the CULT® mark, Counterclaim Defendant registered and is now using the confusingly similar domain name <www.cultwinecompany.com> under the identical business name "CULT Wine Company."  Salvestrin is the owner of the d/b/a "Cult Wine Company" which, since 2018, it has used to advertise and sell its CULT® brand of wines.

27. Salvestrin has never authorized nor consented to Counterclaim Defendant's use of the CULT mark or the <www.cultwinecompany.com> domain name.  Counterclaim Defendant, thus, hosts a website at the <www.cultwinecompany.com> domain where its identical products are advertised and sold under the identical brand CULT and identical business name "CULT Wine Company."

28. Consumer confusion has already occurred since the launch of Counterclaim Defendant's wines.  Large scale consumer confusion is inevitable as Counterclaim Defendant's

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

wines are now equally accessible under an identical mark as that of Salvestrin's, especially as Counterclaim Defendant continues to invest further in and flood the market with the infringing CULT designation and label.

29. On information and belief, Counterclaim Defendant had knowledge of Salvestrin, its CULT® mark, domain name, and CULT Trade Dress prior to adopting the CULT designation and goods incorporating the infringing label, and prior to registering the <www.cultwinecompany.com.com> domain name.

30. On information and belief, Counterclaim Defendant intended to divert Salvestrin's consumers by using a mark, label design, and subsequently a domain name that were confusingly similar to Salvestrin's CULT® brand and d/b/a for identical goods as well as the CULT Trade Dress, with intent to profit from its actions.

31. On information and belief, Counterclaim Defendant acted willfully and with knowledge of Salvestrin's exclusive rights and goodwill in the CULT® brand and CULT Trade Dress.

**Salvestrin's 2021 Enforcement and Counterclaim Defendant's Continued Infringement**

32. On February 12, 2021, Salvestrin sent a letter to Counterclaim Defendant asserting its rights in the CULT mark and demanding that Counterclaim Defendant stop its infringing activities.  Salvestrin sent a subsequent letter on April 6, 2021 after receiving no response from Counterclaim Defendant.  The parties conferred, and on June 8, 2021, Counterclaim Defendant filed a Complaint with the Court (later amended on June 21, 2021) requesting declaratory judgment.  Salvestrin asserts these counterclaims in order to put an end to the infringing use and to protect its CULT® brand and associated goodwill and reputation.

33. Salvestrin's value-oriented, affordable, accessible, and high-quality wines bearing the CULT® brand and CULT Trade Dress are unique, acclaimed, appreciated, and recognized by consumers, contributing to the immense goodwill of Salvestrin's CULT® brand and CULT Trade Dress.

34. Consumer confusion as to the source or affiliation of the CULT® brand of wines

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1   poses a substantial risk of diminishing the value and goodwill of Salvestrin's CULT® brand and

2   CULT Trade Dress.

3        35. Counterclaim Defendant's actions and conduct have been, and unless enjoined,

4   will continue to be, in violation of the Lanham Act and California State and common laws

5   governing trademark infringement, unfair competition, cybersquatting, and false advertising.  As

6   a result of Counterclaim Defendant's actions, Salvestrin has suffered damages and irreparable

7   harm and continues to suffer injury, including lost revenues, loss of control over its reputation,

8   and loss of goodwill.

9                          **CAUSES OF ACTION**

10      **CLAIM I – FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1))**

11       36. Salvestrin hereby realleges and incorporates herein the allegations set forth in

12  paragraphs 1 through 35 of these Counterclaims as if fully set forth herein.

13       37. Salvestrin owns U.S. Trademark Registration Nos. 6,085,358, 4,644,409,

14  4,644,410, and 4,092,451 for the marks CULT®, CULT BLUSH®, CULT BLANC®, and CULT

15  NAPA VALLEY® for wine.  The registrations are valid and subsisting.

16       38. The CULT® brand was in use in commerce prior to the time Counterclaim

17  Defendant or its predecessors began the infringing uses in commerce of the identical CULT

18  designation.

19       39. Counterclaim Defendant's unauthorized use in commerce of  the CULT

20  designation, and of the <www.cultwinecompany.com > domain name and "Cult Wine Company"

21  website in connection with the sale, offering for sale, promotion, or advertising of its wines,

22  despite Salvestrin's continuous and exclusive use and senior rights in its distinctive CULT®

23  brand, and without the authorization or consent of Salvestrin, is likely to cause confusion, or to

24  cause mistake, or to deceive, in violation of the Lanham Act, 15 U.S.C. § 1114.

25       40. On information and belief, Counterclaim Defendant acted with knowledge of

26  Salvestrin's exclusive rights and goodwill in the CULT® brand.

27       41. Salvestrin has suffered damages and irreparable harm as a result of Counterclaim

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1    Defendant's infringement and will continue to suffer irreparable injury unless Counterclaim

2    Defendant and its officers, agents, and employees, and all persons acting in concert with

3    Counterclaim Defendant, are enjoined from engaging in any further such acts in violation of 32(l)

4    of the Lanham Act, 15 U.S.C. § 1114(1).

5           **CLAIM II – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF**

6                              **ORIGIN (15 U.S.C. §1125(a)(1)(A))**

7           42. Salvestrin hereby realleges and incorporates herein the allegations set forth in

8    paragraphs 1 through 41 of these Counterclaims as if fully set forth herein.

9           43. Salvestrin uses the CULT® label in interstate commerce in connection with wines

10   and has been continuously using its trademark for use products and related services from a time

11   prior to the infringing uses by Counterclaim Defendant.

12          44. Salvestrin's CULT® brand and label is inherently distinctive.  If deemed not

13   inherently distinctive, in the alternative the CULT® brand has acquired distinctiveness.

14          45. Counterclaim Defendant's unauthorized use in commerce of the CULT label, and

15   of the <www.cultwinecompany.com > domain name and "Cult Wine Company" website in

16   connection with the sale, offering for sale, promotion, or advertising of its wines is likely to cause

17   confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of

18   Counterclaim Defendant with Salvestrin, or as to the origin, sponsorship, or approval of

19   Counterclaim Defendant's goods, in violation of 15 U.S.C. § 1125(a)(1)(A).

20          46. On information and belief, Counterclaim Defendant acted with knowledge of

21   Salvestrin's exclusive rights and goodwill in the CULT® brand.

22          47. Salvestrin has suffered damages and irreparable harm as a result of Counterclaim

23   Defendant's infringement and will continue to suffer irreparable injury unless Counterclaim

24   Defendant and its officers, agents, and employees, and all persons acting in concert with

25   Counterclaim Defendant, are enjoined from engaging in any further such acts in violation of 15

26   U.S.C. §1125(a)(1)(A).

27

28

## CLAIM III – FEDERAL TRADE DRESS INFRINGEMENT

### (15 U.S.C. §1125(a))

48. Salvestrin hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 47 of these Counterclaims as if fully set forth herein.

49. Counterclaim Defendant has unlawfully copied and misappropriated the inherently distinctive CULT Trade Dress by using confusingly similar imagery on its product label that copies the key elements and overall look and feel of the CULT Trade Dress.  Specifically, Counterclaim Defendant's product label consists of 1) a dark background, 2) the word CULT prominently set against the dark background, 3) light colored lettering, 4) in all capitals, and 5) in a serif font.

50. Counterclaim Defendant's use of the CULT Trade Dress in connection with the sale, offering for sale, promotion, or advertising of its wines is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Counterclaim Defendant with Salvestrin, or as to the origin, sponsorship, or approval of Counterclaim Defendant's goods, in violation of 15 U.S.C. § 1125(a).

51. On information and belief, Counterclaim Defendant acted with knowledge of Salvestrin's exclusive rights and goodwill in the CULT Trade Dress.

52. Salvestrin has suffered damages and irreparable harm as a result of Counterclaim Defendant's infringement and will continue to suffer irreparable injury unless Counterclaim Defendant and its officers, agents, and employees, and all persons acting in concert with Counterclaim Defendant, are enjoined from engaging in any further such acts in violation of 15 U.S.C. §1125(a).

## CLAIM IV – CALIFORNIA STATE UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code §§ 17200 , *et seq*., and Cal. Common Law)

53. Salvestrin hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 52 of these Counterclaims as if fully set forth herein.

54. The acts described above constitute unfair competition in violation of Cal. Bus. &

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1    Prof. Code §§ 17200 *et seq.* and the common law of the State of California.

2          55. Upon information and belief, Counterclaim Defendant's conduct is willful,

3    deliberate, and intentional.

4          56. Salvestrin has suffered damages and irreparable harm as a result of Counterclaim

5    Defendant's unfair competition and will continue to suffer irreparable injury unless Counterclaim

6    Defendant and its officers, agents, and employees, and all persons acting in concert with

7    Counterclaim Defendant, are enjoined from engaging in any further such acts Cal. Bus. & Prof.

8    Code § 17200 *et seq.* and the common law of the State of California.

9    **CLAIM V – VIOLATION OF THE ANTI CYBERSQUATTING CONSUMER**

10    **PROTECTION ACT (15 U.S.C. §1125(d))**

11          57. Salvestrin hereby realleges and incorporates herein the allegations set forth in

12    paragraphs 1 through 56 of these Counterclaims as if fully set forth herein.

13          58. Counterclaim Defendant has registered and used the Internet domain name

14    <www.cultwinecompany.com >, which is confusingly similar to Salvestrin's CULT® mark.

15          59. Counterclaim Defendant did not register or use this domain name in connection

16    with the *bona fide* offering of any goods or services before Salvestrin developed enforceable

17    rights in its CULT® mark or before Salvestrin registered <www.thecultwine.com> or the "Cult

18    Wine Company" d/b/a.

19          60. Counterclaim Defendant does not make *bona fide* noncommercial or fair use of

20    Salvestrin's CULT® mark on its website hosted at <www.cultwinecompany.com>.

21          61. On information and belief, Counterclaim Defendant had knowledge of Salvestrin

22    and its CULT® mark and intended to divert consumers from Salvestrin's

23    <www.thecultwine.com> website by creating a likelihood of confusion as to the source,

24    sponsorship, affiliation, or endorsement of Counterclaim Defendant's website.  Counterclaim

25    Defendant's acts were for commercial gain and harmed the goodwill represented by Salvestrin's

26    CULT® brand.

27          62. Counterclaim Defendant's acts described above demonstrate bad faith intent to

28

1   profit from Salvestrin's CULT® mark and violate the federal Anti Cybersquatting Consumer

2   Protection Act, 15 U.S.C. §1125(d).

3          63. As a consequence, Salvestrin is entitled to an injunction, Counterclaim

4   Defendant's profits, Salvestrin's damages, statutory damages, and costs of action.  Moreover,

5   because this is an exceptional case, Salvestrin is entitled to recover treble damages, treble profits,

6   and attorneys' fees against Counterclaim Defendant.

7                                **PRAYER FOR RELIEF**

8          WHEREFORE, Counterclaim Plaintiff Salvestrin Wine Co., LLC prays for the following

9   relief:

10         a)      Entry of judgment in favor of Salvestrin and against Counterclaim Defendant on

11  all claims.

12         b)      Temporary and permanent enjoinment of Counterclaim Defendant from directly or

13  indirectly engaging in any further trademark and trade dress infringement or unfair competition

14  against Salvestrin, and from aiding, abetting, encouraging, or inducing others to do so.

15         c)      Direction to Counterclaim Defendant to file with this Court and serve upon

16  Salvestrin within thirty (30) days after service upon Counterclaim Defendant of any injunction

17  herein, a report in writing and under oath setting forth in detail the manner and form in which

18  Counterclaim Defendant has complied with the injunction.

19         d)      Order of an accounting and order Counterclaim Defendant to pay over to

20  Salvestrin:

21                 i.      All monetary gains, profits, and advantages derived by Counterclaim

22                         Defendant from the acts complained of herein;

23                 ii.     Damages incurred by Salvestrin;

24                 iii.    Statutory damages for violation of 15 U.S.C. §1125(D)(1) in the amount of

25                         $100,000 per infringing domain name;

26                 iv.     Treble damages as provided by law;

27                 v.      Punitive and exemplary damages as provided by law and to be determined by

28
                                                          SALVESTRIN'S ANSWER AND
                                                          COUNTERCLAIMS TO FIRST AMENDED
                                            - 14 -        COMPLAINT
                                                          3:21-CV-04360-VC

the Court after a full hearing on the merits; and

vi.    Salvestrin's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment and post-judgment interest, and pursuant to 15 U.S.C. § 1117(a) and the laws of the State of California.

e)    Order that Counterclaim Defendant transfer ownership of the domain name <www.cultwinecompany.com> to Salvestrin.

f)    Order that Counterclaim Defendant, and all other persons in privity or acting in concert with Counterclaim Defendant, take affirmative steps to dispel any actual confusion that heretofore has been created by the trademark and trade dress infringement described above.

g)    Declare this case to be exceptional.

h)    Award to Salvestrin any other or further relief that the Court deems just or appropriate.

## **JURY TRIAL DEMANDED**

Salvestrin demands a trial by jury of all issues so triable.

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Salvestrin Wine Co., LLC ("Salvestrin") hereby sets forth its answer and affirmative defenses to Plaintiff Appellation Trading Company, LLC's ("Plaintiff") First Amended Complaint (ECF No. 12).  The numbered paragraphs in the Answer portion of this pleading correspond to the numbered paragraphs of Plaintiff's First Amended Complaint.  Certain headings used by Plaintiff are restated for ease of reference, but no admissions are made thereby as the headings are not allegations requiring an answer.  Salvestrin denies all allegations it does not expressly admit.

**JURISDICTION AND VENUE**

1.   Admitted that this Court has subject matter jurisdiction pursuant to the cited statutory provisions; admitted that this Court has personal jurisdiction over both parties; admitted that venue is proper in this District.  To the extent this paragraph contains further allegations that require a response, those allegations are denied.

**THE PARTIES**

2.   [Intentionally left blank as the First Amended Complaint does not contain a Paragraph 2].

3.   Salvestrin lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

4.   Admitted that Salvestrin Wine Co., LLC is a California entity and has a principal place of business in St. Helena, California, but denied that it is a limited liability corporation.  Admitted that Salvestrin is in the business of producing and distributing wines in the United States and in California, including in this District.  To the extent this paragraph contains further allegations that require a response, those allegations are denied.

**FACTUAL BACKGROUND**

5.   Denied that the term "Cult" was first used as a brand name on a Napa Valley wine in or about 2010 by the Snider family d/b/a Beau Vigne.  Salvestrin was the first to use CULT as a brand name for wine in 2009 and has used it continuously since that time.  Salvestrin lacks

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies them.

6.   Admitted that Salvestrin began using its CULT® mark in connection with wines but denied as to the date.  Admitted that Salvestrin sent a letter to the Snider family but denied to the extent the allegations imply the letter had no effect.  Salvestrin denies the remaining allegations in this paragraph.

7.   Salvestrin lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

8.   [Erroneously numbered "6" in the First Amended Complaint].  Admitted that in February 2021, Salvestrin's trademark counsel sent a cease and desist letter to ATC's counsel regarding its use of the "Cult" brand name on wine based on, *inter alia*, Salvestrin's prior rights.  Salvestrin denies the remaining allegations in this paragraph.

9.   [Erroneously numbered "7" in the First Amended Complaint].  Admitted that undersigned counsel sent a second letter to ATC's counsel.  Denied that Salvestrin received ATC's alleged letter before sending its second letter, because ATC's counsel sent it to an erroneous email address.  Salvestrin denies the remaining allegations in this paragraph.

10. [Erroneously numbered "8" in the First Amended Complaint].  Denied.

11. [Erroneously numbered "9" in the First Amended Complaint].  To the extent the allegations in this paragraph purport to be legal conclusions, no response is required.  To the extent the allegations in this paragraph purport to extend to Salvestrin's CULT® brand, they are denied.

12. [Erroneously numbered "10" in the First Amended Complaint].  Denied.

13. [Erroneously numbered "11" in the First Amended Complaint].  Admitted that Salvestrin has used the brand name CULT for many years.  Salvestrin denies the remaining allegations in this paragraph.

14. [Erroneously numbered "12" in the First Amended Complaint].  Admitted that Salvestrin received a federal registration for its CULT mark in 2020.  Salvestrin denies the

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

remaining allegations in this paragraph.

15. [Erroneously numbered "13" in the First Amended Complaint].  Denied as to the date Salvestrin received its Certificate of Label Approval ("COLA"); Salvestrin received its COLA for its CULT® label on July 29, 2009.  Salvestrin denies the remaining allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

### (REQUEST FOR DECLARATORY RELIEF)

16. [Erroneously numbered "14" in the First Amended Complaint].  Salvestrin incorporates by reference the responses in the preceding paragraphs as if fully set forth herein.

17. [Erroneously numbered "15" in the First Amended Complaint].  To the extent the allegations in this paragraph purport to be legal conclusions, no response is required.  Admitted that an actual controversy exists between ATC and Salvestrin as to ATC's unauthorized use of Salvestrin's CULT® trademark.

18. [Erroneously numbered "16" in the First Amended Complaint].  Admitted.

19. [Erroneously numbered "17" in the First Amended Complaint].  Admitted that the Complaint states that ATC purports to make certain assertions.  To the extent this paragraph contains further allegations that require a response, those allegations are denied.

20. [Erroneously numbered "18" in the First Amended Complaint].  The allegations in this paragraph are legal conclusions to which no response is required.

### [PRAYER FOR RELIEF]

21. In response to the paragraphs of the prayer for relief, Salvestrin denies that Plaintiff is entitled to any relief whatsoever against Salvestrin in this action, either as prayed for in paragraphs 1-2 of Plaintiff's prayer for relief or otherwise.

## SALVESTRIN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### No Damages to Plaintiff

22. ATC is barred from relief in this action because it has suffered no damages or

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

legally cognizable harm.

## SECOND AFFIRMATIVE DEFENSE

### Unclean Hands

23. ATC is barred from relief in this action under the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### Bad Faith

24. ATC is barred from relief in this action because of its own lack of good faith.

## FOURTH AFFIRMATIVE DEFENSE

### Other Affirmative Defenses

25. Salvestrin further reserves the right to amend to include other affirmative defenses that it may learn of during this litigation by way of discovery of additional evidence or otherwise.

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1

2   Dated: July 1, 2021                              DIANA M. RUTOWSKI
                                                     Orrick, Herrington & Sutcliffe LLP
3

4                                                    By:      _/s/ Diana M. Rutowski_
                                                             DIANA M. RUTOWSKI
5                                                            Attorneys for Defendant
                                                          SALVESTRIN WINE CO., LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on July 1, 2021 the within document was filed with the Clerk of the

3    Court using CM/ECF which will send notification of such filing to the attorneys of record in this

4    case.

5    Dated: July 1, 2021

6

7                                                                    */s/ Diana M. Rutowski*
                                                                     Diana M. Rutowski

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SALVESTRIN'S ANSWER AND
COUNTERCLAIMS TO FIRST AMENDED
COMPLAINT
3:21-CV-04360-VC